UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOYCE TOWNSEND,

                Plaintiff,

-vs-                                            Case No. 2:10-cv-59-FtM-29SPC

HOSPITAL BOARD OF DIRECTORS OF LEE
COUNTY, a political subdivision of the State of
Florida, doing business as Lee Memorial Health
System,

                Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel re: First Set of Interrogatories (Doc. #16) filed on August 23, 2010. Though a response pursuant to Local Rule 3.01 was due to be filed by within 14 days, that is on September 6, 2010, Defendant filed its response on September 9, 2010 (Doc. 317).

This is an age-discrimination and retaliation action brought by Plaintiff, Joyce Townsend, a 67-year old former Practices Operations Manager for Defendant Lee Memorial Health System. Plaintiff contends that after fifteen years of employment, she was rejected for certain positions for which she claims she was qualified and told she was ineligible for re-employment because she had filed a charge of discrimination alleging age discrimination.

In the instant motion, Plaintiff seeks an Order of this Court directing Defendant to provide a complete response to Interrogatory No. 1 in Plaintiff's First Set of Interrogatories to Defendant. The request states:

> Please provide the name, address (business and residential), telephone numbers, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action; and state the area or knowledge or information each person has with respect to any fact underlying the subject matter of this action.

While Defendant did provide a response to this interrogatory and listed a handful of witnesses and their business addresses, it refused to provide the residential addresses and phone numbers for the possible witnesses based upon claims of confidentiality. No phone numbers whatsoever were provided. The instant motion to compel this information followed.

Whether or not to grant an order compelling discovery lies within the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party" or, upon a showing of good cause, "any matter relevant to the subject matter involved . . ." It is well established that courts employ a liberal discovery standard "in keeping with the spirit and purpose of the discovery rules." Tate v. U.S. Postal Service, 2007 WL 521848, *1 (S.D. Fla. Feb. 14, 2007). Rule 26(a)(1) requires the disclosure of the "name and, if known, the address and telephone number of each individual likely to have discoverable information."

The Court finds that Interrogatory No. 1 lies within the proper scope of discovery as facially relevant and otherwise reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Plaintiff's counsel has asserted that such private information is necessary and may be used by Plaintiff's counsel to conduct background investigations of these witnesses for deposition and trial. See Hartman v. American Red Cross, 2010 WL 1882002, *1 (C.D. Ill. May 11, 2010) (finding that the hypothetical concern that opposing counsel will contact employees

directly without going through counsel "does not justify unilateral disregard for the disclosures mandated by Rule 26(a)" and requiring disclosure of the home addresses and personal telephone numbers for the witnesses).  See also Thurby v. Encore Receivable Mgmt., Inc., 251 F.R.D. 620, (D. Colo. 2008) (finding that Rule 26(a)(1) required employer to disclose the personal home address, telephone number, and cellular telephone number of the employees so that plaintiff could contact them to conduct background investigations).  Thus, Plaintiff's Motion is due to be granted.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Compel re: First Set of Interrogatories (Doc. #16) is **GRANTED**. Defendant must provide the home addresses and home phone numbers for the witnesses listed in response to Interrogatory No. 1 of Plaintiff's First Set of Interrogatories to Defendant by **September 24, 2010**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of September, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record