```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

JOYCE TOWNSEND,

               Plaintiff,

vs.                            Case No.  2:10-cv-59-FtM-29SPC

HOSPITAL BOARD OF DIRECTORS OF LEE
COUNTY, a political subdivision of
the State of Florida, doing business
as Lee Memorial Health System,

               Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment and Memorandum of Law in Support Thereof (Doc. #32) filed on January 10, 2011. Plaintiff filed a response (Doc. #60) on February 19, 2011. With the Court's permission, defendant filed a reply (Doc. #64) on March 2, 2011 and plaintiff filed a sur-reply (Doc. #70) on March 25, 2011.

Plaintiff alleges defendant, her former employer, discriminated against her based upon her age and retaliated against her because she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Defendant seeks summary judgment on all four counts of plaintiff's complaint (Doc. #1). Counts I and II allege discrimination and retaliation under the Age Discrimination in Employment Act (ADEA). Counts III and IV allege discrimination and retaliation under the Florida Civil Rights Act (FCRA).

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys R Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010)(citation omitted). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1315 (11th Cir. 2007).

After careful review of the record, the Court finds that there are genuine issues of material fact which preclude summary judgment, and that defendant is not entitled to judgment as a matter of law as to any count based upon the material facts which are undisputed.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Summary Judgment and Memorandum of Law in Support Thereof (Doc. #32) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of April, 2011.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record